68819. COLONIAL LIFE & ACCIDENT INSURANCE COMPANY
v. DONALDSON.
(322 SE2d 510)

BANKE, Presiding Judge.

Plaintiff Donaldson sued Colonial Life & Accident Insurance Company to collect disability benefits allegedly owed him under the terms of an accident insurance policy, as well as to recover a bad-faith penalty and attorney fees pursuant to OCGA § 33-4-6. The jury returned a verdict in his favor for actual damages and attorney fees, and Colonial appeals.

The coverage in question was applicable in the event of loss "resulting directly, independently and exclusively of all other causes from bodily injury effected solely through external and accidental means . . ." Donaldson injured his hip and back in March of 1980, when he fell down a flight of stairs while working as a guard at the Georgia Correctional Institute in Macon. He was unable to resume his normal duties after this injury but did return to sedentary work several weeks later. He again ceased work in August of 1980 and has remained totally disabled since then.

Colonial denied the plaintiff's original claim for disability benefits, received in August or September of 1980, because of an erroneous belief that the disability had not commenced within 30 days of the accident, a precondition for payment under the terms of the policy. However, upon further investigation, Colonial accepted the claim and began making payments.

In November of 1981, apparently upon inquiry by Colonial, the

plaintiff's physician, Dr. E. H. Brown, notified the company that the plaintiff was being treated with anti-arthritic and anti-inflammatory medication. Colonial subsequently commissioned an independent examination of the plaintiff by another physician. After reviewing a copy of this physician's report, Dr. Brown wrote to Colonial on February 8, 1982, as follows: "I have reviewed the medical evaluation done on Mr. Cecil Donaldson by your independent physician. I would concur in general with his findings, however knowing the history of the case I would have to say that the fall . . . *did aggravate [Mr. Donaldson's] underlying condition* to the point where he is barely able to do self-care activities, much less work. The problem you run into in a situation such as this, with a man who is 60 years old *crippled with multiple diseases,* is that there is simply no work for him to do." (Emphasis supplied.) Colonial ceased making disability payments shortly after receiving this letter. In September of 1982, after the plaintiff had made a formal demand for payment through his attorney, Dr. Brown again wrote the company that the plaintiff was "crippled with multiple diseases."

At trial, Dr. Brown testified that the plaintiff was permanently disabled due to "traumatic arthritis in his hip" and "chronic low back pain, which was not obvious before he suffered this fall." While stating that the plaintiff had suffered from osteoarthritis before the fall, and while acknowledging that this rendered the injury "more painful, more long-lasting and more difficult to treat," Dr. Brown further testified that osteoarthritis is a condition that exists in most people over 35 to some extent, and he indicated that the plaintiff's osteoarthritis had not been a disabling condition prior to the fall. As for his previous statements that the plaintiff was "crippled with multiple diseases," Dr. Brown explained that he had been referring to the fact that the plaintiff was also overweight and suffering from hypertension, and he indicated that because the disability persisted despite the plaintiff's having lost weight and engaged in an exercise program, he no longer considered these other conditions to be factors which contributed to the disability. *Held*:

1. A judgment against an insurer for a bad-faith penalty and attorney fees is not authorized if the insurer had reasonable and probable cause for defending the claim. See *Interstate Life &c. Ins. Co. v. Williamson*, 220 Ga. 323 (138 SE2d 668) (1964). "Not every defense bars a finding of bad faith. It is a defense which raises a reasonable question of law or a reasonable issue of fact though not accepted by the trial court or jury." *Colonial Life &c. Ins. Co. v. McClain*, 243 Ga. 263 (253 SE2d 745) (1979).

Although the defendant insurer initially denied the plaintiff's claim based on a misunderstanding that his disability had not commenced within 30 days of the accident, it began making payments

upon learning the true facts, and it continued to do so for almost two years, until being informed by the plaintiff's own physician that the fall had aggravated a pre-existing condition and that the plaintiff was "crippled with multiple diseases." Although Dr. Brown may reasonably be said to have repudiated this diagnosis on the witness stand, there is no indication in the transcript that Colonial knew of his change in opinion prior to the initiation of this litigation. Since the coverage was expressly limited to loss resulting directly, independently and exclusively from accidental injury, it follows that the insurer's defense must be considered reasonable as a matter of law. The award of attorney fees is accordingly reversed.

2. Although the evidence did not authorize the imposition of a bad faith penalty or attorney fees pursuant to OCGA § 33-4-6, the jury was nevertheless authorized to find in the plaintiff's favor on the issue of coverage. Dr. Brown's statement that the plaintiff had suffered from osteoarthritis prior to the accident was qualified by his testimony that the extent of this pre-existing osteoarthritis was no greater than would be expected of most members of the general public in the plaintiff's age category. It was clearly Dr. Brown's opinion that the plaintiff's disability was caused solely by *traumatic* osteoarthritis resulting from the fall, and the jury was properly instructed that there could be no recovery unless the accident was determined to be the sole cause of the disability. We accordingly hold that the award of actual damages was supported by the evidence.

The authorities cited by the appellant do not require a contrary conclusion. In *Jordan v. United Ins. Co. of America*, 158 Ga. App. 520 (281 SE2d 286) (1981), which involved a claim for specific member benefits for the loss of a leg by amputation following a fracture, the plaintiff's physician testified that the amputation had been necessitated by gangrene resulting from hardening of the arteries and that there was no causal relationship between the gangrene and the fracture. In *Life Ins. Co. of Va. v. McDaniel*, 141 Ga. App. 746 (234 SE2d 379) (1977), which involved a claim for accidental death benefits, it was shown that the decedent's death following a motorcycle accident had resulted when a blood clot from his leg became lodged in the vessels of his lung and that he had a history of developing such clots. In both these situations, the pre-existing disease or defect was clearly a substantial factor contributing to the loss, rather than, as in this case, merely an asymptomatic condition common to the public at large.

3. The trial court did not err in sustaining the plaintiff's objection to the medical report prepared by Colonial's independent medical examiner, who was not present in court and was not available for cross-examination. Colonial contends that, though hearsay, the report was admissible pursuant to *Momon v. State*, 249 Ga. 865, 867 (294

SE2d 482) (1982), for the purpose of explaining its conduct in not paying the claim. It is certainly true that the reasons for this conduct were called into question by the plaintiff's action in seeking a bad-faith penalty and attorney fees. However, we do not interpret *Momon* as having eliminated the rule that expert opinion must be supported by a proper foundation, even where it is offered to explain conduct or motive. See *Tucker v. State*, 249 Ga. 323, 329 (290 SE2d 97) (1982).

In the present case, the existence of the medical report in question and the general nature of the conclusions contained therein were already before the jury by virtue of Dr. Brown's statement in his letter of February 8, 1982, that he concurred generally in the findings of the report. Under these circumstances, we conclude that the defendant was not entitled to place the actual contents of the report into evidence without offering the plaintiff an opportunity to cross-examine its preparer both as to his conclusions and as to his qualifications. Furthermore, since we have reversed the award of attorney fees based on lack of evidence of bad faith, the exclusion of the report as evidence of motive or state of mind must be considered harmless in any event.

4. The principle embodied in Colonial's requested charges 2 and 8, to the effect that the plaintiff could not recover if his disability was the combined result of the accident and a "diseased condition," was adequately covered by the court's charge as given. We do not consider the court's further charge that the plaintiff could not recover unless his injury was determined to be the "sole proximate cause of the permanent disability" to have been inconsistent with this principle. The defendant's reliance on *Colonial Life &c. Ins. Co. v. McClain*, 144 Ga. App. 201 (2), 203 (240 SE2d 759) (1977), is misplaced, as in that case the court charged that "[t]he fact that [the plaintiff] might have had a pre-existing bodily infirmity would not alone relieve the company from liability if his injury was the result of the automobile accident."

5. The remaining enumeration of error, which goes to the court's failure to give certain requested charges on bad faith, is rendered moot by the reversal of the award of attorney fees.

6. The plaintiff's motion for imposition of damages against Colonial for filing a frivolous appeal is perforce denied.

*Judgment reversed in part and affirmed in part. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 11, 1984 —
REHEARING DENIED SEPTEMBER 25, 1984.

*Ferdinand Buckley, Schaune C. Griffin,* for appellant.

*Neal D. McKenney, Jane McKenney Jordan*, for appellee.