A97A0745. NESMITH v. PIERCE.

(487 SE2d 687)

ANDREWS, Chief Judge.

Carnie Nesmith appeals the probate court's order removing her as co-executor of her daughter Azilee Henry's estate, and also the probate court's order denying her petition for attorney fees and granting the co-executor John Pierce's petition for extra compensation. For the reasons which follow, we affirm the judgment of the probate court.

1. First, Nesmith claims the probate court erred in removing her as co-executor. Pierce filed the petition to have Nesmith removed after a dispute over the value to be placed on some real property owned by the decedent. Pierce, an attorney who also had experience in the real estate business, offered to sell the property himself without charging a commission. He had two appraisals submitted, one for $130,000 and the other for $142,500. Nesmith disregarded these valuations and wanted Pierce to list the house at $170,000 and include rugs appraised at something over $3,400. Pierce agreed to list it for $170,000.

He testified that he showed the house to eighteen prospective purchasers and received two offers, one for $126,850 and another for $155,000 cash. Pierce wanted to accept the $155,000 offer, but Nesmith was unwilling. She wanted to make a counteroffer of $160,000 and exclude the rugs. Pierce was concerned the buyer would change her mind if a counteroffer was made and accepted the $155,000 in spite of Nesmith's objection.

Pierce also called a real estate agent to testify at the hearing. The agent stated that units in the development were not selling well

and that $155,000 was an excellent offer.

Pierce testified that problems between the co-executors were greater than a simple disagreement over the value of the real estate. He stated that Nesmith wanted to distribute the estate immediately after qualifying as executor, had little understanding of tax requirements, wanted to keep estate funds in low-yielding accounts, wanted to leave the decedent's jewelry in her apartment in a safe instead of a safety deposit box, and tried to purchase personal property from the estate at substantially below the appraised value. Nesmith did not testify herself, but her niece and granddaughter both testified that Nesmith was rational, alert, and capable of handling money and making financial decisions.

The probate court granted the petition to remove Nesmith, finding that it was "in the best interest of the Estate that Carnie F. Nesmith be . . . removed as Co-Executrix. . . ." This appeal followed.

"The probate court has broad discretionary powers under OCGA § 53-7-148, including the authority to remove an executor upon a showing of waste, mismanagement, or that for any reason he is unfit for the trust reposed in him." *Gray v. McKenna,* 202 Ga. App. 685, 686 (415 SE2d 295) (1992). "Where the personal interests of the representative of an estate conflict with the interest of the estate, such fact, in the discretion of the probate judge, or in the discretion of the jury on appeal may be sufficient ground for removal of such representative." *Fountain v. Cabe,* 242 Ga. 787, 789 (251 SE2d 529) (1979).

Here, the evidence as discussed above, showed that Nesmith, the decedent's 89-year-old mother, did not fully comprehend the duties and responsibilities of an executor and may have been acting in a manner detrimental to the estate. Accordingly, we hold the probate court acted within its discretion in removing Nesmith as co-executor.

2. Next, Nesmith claims the probate court erred in awarding Pierce extra compensation for extraordinary services. Nesmith argues that Pierce stated he would not charge the estate to handle the sale of the property and, therefore, he cannot now ask the court for extra compensation. Nesmith also contends the sale of the house was part of the ordinary duties of the executor and does not rise to the level of extraordinary services.

While Pierce agrees that he said initially he would not charge a commission on the sale of the property, he states he was entitled to change his mind and request extraordinary compensation because of the problems with Nesmith over the sale. As discussed above, Pierce testified he got two appraisals on the property, but since Nesmith insisted on disregarding the appraisals and listing the property at $170,000, he talked to numerous prospective buyers and showed the house eighteen times with only two offers. He said it took more time

than he anticipated to dispose of the property because Nesmith insisted on an asking price that was too high. Pierce stated he could have employed a real estate agent to handle this matter, but felt that, had he done so, the estate would not have received as much for the property.

The court awarded Pierce $8,835 as extra compensation. The court arrived at this figure by deducting the five percent executor's commission which Pierce was entitled to receive on the property from the $155,000 sale price and awarding him six percent of that amount.

The probate court has jurisdiction to award extra compensation to an executor for extraordinary services. OCGA § 53-6-150. "The claim for extra compensation is peculiarly within the jurisdiction of the court of ordinary [now probate court]." *Maxwell v. Hollis*, 216 Ga. 224, 227 (3) (c) (115 SE2d 360) (1960).

Under OCGA § 53-6-149, Pierce had the power to hire an agent to sell the property. Had he done so, the agent would have been entitled to a commission on the sale. Further, Pierce's testimony as to the amount of time and effort the sale required was unrebutted. Therefore, the court did not abuse its discretion in allowing Pierce the extra compensation. See *Greenwood v. Greenwood*, 178 Ga. 605, 612 (173 SE 858) (1934).

3. Lastly, Nesmith claims the probate court erred in denying her petition for attorney fees under OCGA § 53-7-10. This Code section states that an executor is authorized to provide competent legal counsel for the estate according to the needs of the estate he represents. But, an executor or administrator may not bind the estate for attorney fees for the costs of litigation brought on by his own fault or misconduct. *Hudson v. Abercrombie*, 258 Ga. 729, 731 (374 SE2d 83) (1988).

In *Armstrong v. Boyd*, 140 Ga. 710 (79 SE 780) (1913), a suit to remove an administrator, the court said that whether or not the estate could be charged with the administrator's legal fees depended on the outcome of the litigation. Id. at 712. In other words, if the issue is decided in favor of the administrator, he should be reimbursed the money expended in hiring counsel to defend the suit. Id.

That is not the case here. Although Nesmith argues the cases cited by Pierce and the trial court are inapplicable because the trial court found no evidence of misconduct by Nesmith, this is not accurate. The court ordered Nesmith removed as executor because it was in the best interest of the estate. Implicit in this holding is a finding that the charges in Pierce's petition to remove Nesmith were just.

The trial court found the attorney fees which Nesmith sought to have paid by the estate were for services unrelated to the administration of the estate and were, therefore, not chargeable to the estate. The record shows that Nesmith requested $4,472.25 in attorney fees

incurred from September 30, 1994 to February 7, 1995. Nesmith was removed as executor on December 20, 1994. The original invoices are not in the record, and we have no way to determine whether the fees were for defending the petition to set aside Nesmith as executor or whether they were charges unrelated to defending the suit. While Nesmith argues in her brief that there is evidence which shows some of the legal counseling was directed to administration of the estate, she does not point out, nor do we find, this evidence in the record. Further, the last bill for $3,653 is dated February 7, 1995, over a month after Nesmith was removed as executor. Therefore, the trial court did not abuse its discretion in denying Nesmith's petition for attorney fees.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 17, 1997.

Before Judge Lewis.

*Ellis, Painter, Ratterree & Bart, J. Wiley Ellis, Tracy A. O'Connell*, for appellant.

*Robert E. Falligant, Jr.*, for appellee.