A97A1488. COLLINS v. LIFE INSURANCE COMPANY OF GEORGIA.
(491 SE2d 514)

BIRDSONG, Presiding Judge.

William A. Collins filed this action on a medical insurance policy, seeking coverage for a hip prosthesis.

The policy provides coverage for "casts, splints, crutches at the regular hospital charge." It makes no mention of a prosthesis. However, when defendant's agents sold Collins this insurance, they used a "Proposal/Worksheet" — a printed paper which listed apparent coverage for "1. Hospital Room and Board . . . [different amounts per plan purchased]. . . . 2. Surgical Benefits (inpatient or outpatient). . . . 3. Miscellaneous Hospital Expenses (inpatient or outpatient) A: When confined. . . . 4. PLUS Fixed additional amounts for following: [services listed]. . . . 5. PLUS ____ times the actual hospital charges for the following:

* Casts * Crutches/Prosthesis
* Splints * Anesthesia Materials"

This printed "Proposal/Worksheet" was issued by the insurer for its agents to use in soliciting the purchase of its insurance and explaining its coverage. The cover sheet of the proposal/worksheet is embellished with the title "COMBINATION HOSPITAL and SURGICAL PLANS PROPOSAL," a drawing of medical workers performing surgery, and the smaller printed words: "The following worksheet represents a combination of several Associated Doctors plans. By

combining benefits of several plans, a plan can be made to fit your personal and financial situation. This worksheet consists of approximate maximum amounts payable. Actual amounts payable for a claim will be determined in accordance with the terms of all policies."

At the bottom of the cover sheet are these words in large print: "This is an illustration — Not a contract."

Collins contends the "Proposal/Worksheet," being issued by the defendant, is part of his coverage; or that at least the misleading language in the "Proposal/Worksheet" entitles him to recover for negligent misrepresentation. See *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680, 681 (300 SE2d 503). The insurer contends Collins' policy does not cover a prosthesis and that Collins could not have been misled because the cover sheet of the "Proposal/Worksheet" states it is "not a contract," and the policy states that the policy constitutes the entire contract.

The trial court granted summary judgment to defendant insurer and denied plaintiff's motion for partial summary judgment. *Held*:

The party opposing a motion for summary judgment is given the benefit of all reasonable doubt and the evidence and all inferences and conclusions arising therefrom are construed most favorably to him. *Bob v. Hardy*, 222 Ga. App. 550, 555 (474 SE2d 658).

1. We construe the evidence in favor of the insurer on Collins' motion for partial summary judgment as to coverage. In that light, the policy plainly does not provide coverage for a prosthesis. If the proposal/worksheet had been "attached" to the policy it might have been a part of it (see *Ga. Intl. Life Ins. Co. v. King*, 120 Ga. App. 682 (172 SE2d 167)), but because the cover sheet plainly states the proposal/worksheet is "not a contract," it cannot be a part of the insurance contract. The policy contains no reference to a prosthesis. *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385 (414 SE2d 521). A "prosthesis" is plainly a different object than "casts, splints and crutches" and coverage for a prosthesis cannot be inferred from coverage in the policy for "casts, splints and crutches."

The trial court did not err in denying Collins' motion for partial summary judgment on the issue of actual coverage and in granting the insurer's motion for summary judgment on this issue.

2. The trial court erred in granting summary judgment to the insurer on the issue of negligent misrepresentation. See *Hutsell v. U. S. Life Title Ins. Co.*, 157 Ga. App. 845 (278 SE2d 730) where the insurer's agent wrote a letter to the insured saying the accompanying policy of title insurance provided coverage for a survey, when that policy did not provide such coverage.

The insurer issued the proposal/worksheet and intended that it be presented to the prospect or to the insured. Construing the evidence most favorably to Collins, one of these proposal/worksheets

was presented to Collins and figures were placed next to each item of coverage according to the type of plan he bought. This document clearly states that coverage is provided for "crutches/prosthesis." Construed in Collins' favor, this reference is a representation that coverage for a prosthesis is included in the policy terms or, specifically, that coverage for "crutches" includes coverage for a prosthesis.

The insurer contends a copy of the "Proposal/Worksheet" was not given to Collins until the policy was delivered, that it was not prepared in connection with the policy Collins purchased, that Collins was never told it was part of his policy, and that Collins does not recall any conversation as to whether a prosthesis was covered. However, the evidence, construed in Collins' favor on the insurer's motion for summary judgment (*Bob*, supra), yields a different conclusion. In deposition Collins testified he did not remember any specific conversations with the insurer or its agents concerning whether a prosthesis would be covered, but he also testified that either when he discussed insurance with defendant's agents or when the policy was delivered to him, the proposal/coversheet was presented to him "to explain [his] benefits" and to explain "what [he] was buying." Collins' failure to remember his exact conversation with the insurer's agents six years ago does not demand a conclusion that this document was not discussed. According to Collins, the insurer's agents drew a circle around the word "prosthesis" because "I think they said it should be over listed with casts and splints rather than beside crutches." Whatever was the conversation, the document presented to Collins stated coverage for "casts/splints" and "crutches/prosthesis." Collins also testified that the worksheet was not "purely demonstrative" but "was to explain what I was buying."

A jury may conclude from all the evidence that defendant's agents presented and demonstrated the proposal/worksheet to Collins as a means to solicit his purchase of the policy and explain its meaning. Although the cover sheet states the document was "not a contract," an issue of fact remains as to whether, by using a document with "prosthesis" listed as a covered item with "crutches" to solicit Collins to purchase this insurance policy or to explain his coverage when the policy was delivered, the insurer negligently represented to him that this constituted an explanation of the actual contract provision for crutches, casts and splints, and, therefore, that "prosthesis" was covered under the insurance coverage for "crutches, casts and splints."

A jury may conclude there was no reason for the insurer to include a proposal/worksheet with the delivered policy except to persuade the buyer that the items listed on the sheet are included in his contract or to explain his coverage to him. Although the cover sheet stated the proposal/worksheet is "not a contract," and that it repre-

sents "a combination of several Associated Doctor's plans" and that Collins' policy could be "tailor-made" to fit his needs, a jury may conclude the proposal/worksheet *was* tailor-made for Collins, since the proposal/worksheet was issued by the insurer and was intended to be used either to solicit him to buy a policy or to explain his coverage to him.

The insurer correctly contends that an act by an agent without authority cannot bind the principal (*Garrett v. Life Ins. Co. of Ga.*, 221 Ga. App. 315 (471 SE2d 262)), and "oral statements" of an agent cannot bind an insurer and the insured is charged with knowledge of the contents of his policy. *Fowler v. Prudential Prop. &c. Co.*, 214 Ga. App. 766, 767 (449 SE2d 157). However, construing the evidence in Collins' favor, a jury may conclude that this proposal/worksheet represents that coverage for a "prosthesis" is included in the policy's coverage for casts, splints and crutches.

The requirements to prove negligent misrepresentation as stated in *Robert & Co. Assoc.* may be present, for a jury may conclude the prominent display of the proposal/worksheet to Collins was foreseeably misleading to known persons which include Collins as a prospective buyer of a policy, that Collins reasonably relied on it either in buying the policy or in not obtaining additional coverage elsewhere to provide for a prosthesis, and that he was thereby damaged.

3. The cause of action for negligent misrepresentation does not, as Collins suggests, give him the right to coverage based on his "reasonable expectation," for this would contradict the written contract. Damages are given for the injury done (*Saunders v. Citizens Bank &c. Trust*, 265 Ga. 453, 456 (458 SE2d 337)); the injury in this case would include every harm done by the insurer's refusal to provide coverage and payment which it negligently represented existed. An award for bad faith refusal to pay an insurance claim under OCGA § 33-4-6 would not be authorized because the contract does not, in fact, cover "prosthesis" and the insurer cannot be deemed to have acted in bad faith for a frivolous and unfounded refusal to pay what is clearly not covered. See *Dixie Constr. Prods. v. WMH, Inc.*, 179 Ga. App. 658 (347 SE2d 303). OCGA § 33-4-6 is the exclusive remedy for bad faith denial of insurance benefits (*Howell v. Southern Heritage Ins. Co.*, 214 Ga. App. 536, 537 (2) (448 SE2d 275)), and here there were no benefits for this claim.

*Judgment affirmed in part and reversed in part. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 28, 1997.

*Michael L. Wetzel*, for appellant.

*Gorby & Reeves, Martha D. Turner, Baker, Donelson, Bearman & Caldwell, Jeffrey A. Billings*, for appellee.