A97A1194. JONES v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(491 SE2d 830)

ANDREWS, Chief Judge.

Gloria Jones's minor child was insured under an automobile liability policy issued by State Farm Mutual Automobile Insurance Company covering injuries the child sustained in an automobile accident on or about October 9, 1993. After paying policy benefits for medical treatment rendered to the child immediately after the accident, State Farm refused to pay for medical treatment given to the child over five months after the accident on the basis that the subsequent treatment was not for injuries arising from the accident. On behalf of her child, Jones sued State Farm for breach of its contractual obligation to pay benefits under the policy, for a bad faith penalty and attorney fees under OCGA § 33-4-6, for invasion of privacy for unauthorized release of the child's medical records, and for fraud and punitive damages.

State Farm denied the claims and moved for partial summary

judgment and, pursuant to OCGA § 9-11-17 (a), moved for substitution of the real party in interest as plaintiff or for dismissal. The trial court granted summary judgment to State Farm on Jones's claim for invasion of privacy, for damages pursuant to OCGA § 33-4-6, and for punitive damages. As to State Farm's motion pursuant to OCGA § 9-11-17 (a), the trial court held that, because Jones had assigned the right to receive the State Farm insurance benefits to Dr. Hill, the chiropractor who rendered the subsequent medical treatment at issue, Dr. Hill rather than Jones was the real party in interest as to the remaining contract claim. Accordingly, the trial court dismissed the action for failure to substitute Dr. Hill as the real party in interest. The trial court also granted summary judgment, sua sponte, to State Farm on an allegation by Jones in her response to summary judgment that State Farm violated the Fair Business Practices Act.

On appeal, Jones claims the trial court erred by granting summary judgment to State Farm on her invasion of privacy claim and on her claim for damages pursuant to OCGA § 33-4-6. She also claims the trial court erred by dismissing her claim for benefits under the policy on grounds that she was not the real party in interest.

1. The trial court correctly granted summary judgment in favor of State Farm on Jones's claim that State Farm invaded her child's privacy by having the child's medical records reviewed by an independent medical provider.

Jones sought payment of policy benefits by State Farm for medical care provided by Dr. Hill in the amount of $2,825. Dr. Hill sent medical bills to State Farm requesting payment and stated that the medical treatment given to the child was for injuries arising from the October 1993 automobile accident. In response to State Farm's request for documentation to support the claim that the treated injuries arose from the covered accident, Dr. Hill sent State Farm the child's medical records. Dr. Hill had permission from Jones to release the medical records to State Farm because Jones signed a document on behalf of her child authorizing Dr. Hill "to release any information pertinent to my case to any insurance company, adjuster or attorney to facilitate collection [of the medical bills]." Upon receipt of the medical records from Dr. Hill, State Farm sent them to International Healthcare Consultants, Inc. (IHC) for the purpose of being independently reviewed by an IHC chiropractor to determine if the treatment was related to injuries incurred by the child in the October 1993 accident.

We find no logic in Jones's position that State Farm needed her permission to have the child's medical records reviewed by an independent medical provider to determine if the medical treatment was for injuries covered by the insurance policy. When an insured claims that an insurer is obligated to pay for medical treatment allegedly

covered under an insurance policy, the insured waives the right to privacy in the medical treatment records to the extent necessary for the insurer to conduct a reasonable review and investigation of the claim. See *Orr v. Sievert*, 162 Ga. App. 677, 679-680 (292 SE2d 548) (1982). As in the present case, this may include submission of the records by the insurer to an independent medical provider for the purpose of determining whether or not the treatment was for a condition covered by the policy. Id.

2. Jones claims the trial court erred by dismissing her claim for benefits under the insurance policy. The trial court dismissed Jones's claim against State Farm for payment of medical benefits under the policy on the basis that Jones was not the real party in interest on this claim and that Dr. Hill, as assignee of contractual benefits under the policy, was the real party in interest. In granting dismissal, the trial court held that "[t]he Plaintiff [Jones], as of this date, has failed to substitute Dr. Hill as the Real Party in Interest in the instant case."

It is undisputed that Jones assigned contractual benefits under the insurance policy to Dr. Hill on March 11, 1994, prior to the date she filed her suit against State Farm on September 29, 1995. This assignment transferred the cause of action for the policy benefits to Dr. Hill and divested Jones of the right to bring the cause of action. *Allianz Life Ins. Co. &c. v. Riedl*, 264 Ga. 395, 396-398 (444 SE2d 736) (1994); *Blue Cross & Blue Shield v. Bennett*, 223 Ga. App. 291 (477 SE2d 442) (1996).

In response to State Farm's motion to dismiss, Jones filed an affidavit regarding the assignment from Dr. Hill in which Hill stated in part that, "I determined that the irrevocable assignment would be relinquished . . . and I released Gloria Jones from said assignment." Although the affidavit does not explicitly state that Dr. Hill reassigned contractual benefits under the policy to Jones or when, the clear import of the statement is that the cause of action for the policy benefits was reconveyed by Hill to Jones. Accordingly, when the trial court dismissed the cause of action for failure of Jones to substitute Dr. Hill as the real party in interest there was evidence that, at some point after the March 11, 1994 assignment date, Dr. Hill relinquished his right to the cause of action for the policy benefits and returned the cause of action to Jones. It is not clear whether the alleged reassignment may have occurred before or after the cause of action for the benefits was filed by Jones on September 29, 1995. But even if Jones was not the real party in interest when the cause of action for benefits was filed by her, a subsequent reassignment of the cause of action from Dr. Hill to Jones would, at that point, have made Jones the real party in interest and allowed her, within a reasonable time after objection, to ratify the commencement of the action pursuant to

OCGA § 9-11-17 (a). See *Gordon v. Walker*, 224 Ga. App. 861, 862 (482 SE2d 489) (1997).

Accordingly, to give effect to the liberal policies of the Civil Practice Act regarding pleadings and prosecution of actions by the real party in interest (see *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537, 538-539 (314 SE2d 903) (1984), and *Dover Place Apts. v. A & M Plumbing & Heating Co.*, 255 Ga. 27, 28 (335 SE2d 113) (1985)), we reverse the dismissal of Jones's cause of action for payment of benefits under the policy and remand the case for a hearing on this issue under the provisions of OCGA § 9-11-43 (b). The trial court shall determine whether or not there was a valid reassignment of the cause of action for policy benefits from Dr. Hill to Jones and, if so, whether it occurred prior to or subsequent to the commencement of the cause of action by Jones. If there was a valid reassignment from Hill to Jones subsequent to the filing of the suit by Jones, the trial court shall determine whether or not Jones complied with the requirements of OCGA § 9-11-17 (a) for ratification of the commencement of the action as the real party in interest. *Hodgskin v. Markatron, Inc.*, 185 Ga. App. 750, 752 (365 SE2d 494) (1988).

3. Jones claims the trial court erred by granting summary judgment in favor of State Farm on her claim seeking recovery of a bad faith penalty and attorney fees under OCGA § 33-4-6 for State Farm's failure to pay policy benefits for the medical treatment.

Under OCGA § 33-4-6, an insurer is subject to imposition of a penalty and attorney fees if it refuses in bad faith to pay a covered loss "within 60 days after a demand has been made by the holder of the policy. . . ." To invoke the provisions of OCGA § 33-4-6, the policyholder is required to demand payment at least 60 days before filing suit for a bad faith penalty and attorney fees. *Guarantee Reserve Life Ins. Co. &c. v. Norris*, 219 Ga. 573 (134 SE2d 774) (1964).

In granting summary judgment to State Farm on this issue, the trial court found that Jones had no right to demand payment of damages under OCGA § 33-4-6 because, when Jones assigned the policy benefits to Dr. Hill, the doctor became the holder of the policy for the purpose of demanding payment of the damages under OCGA § 33-4-6. *Bennett*, supra at 292. In light of our remand in Division 2 for a hearing to determine if and when Dr. Hill reassigned the cause of action to Jones, this reasoning by the trial court was not a basis for granting summary judgment to State Farm.

Nevertheless, summary judgment on this issue was proper for another reason. "As a matter of law, bad faith penalties [and attorney fees] under [OCGA § 33-4-6] are not awardable if an insurer has a reasonable and probable cause for refusing to pay a claim. The advice of an independent medical examiner that the treatment furnished a claimant is not in fact necessary [treatment for injuries arising from

the accident covered by the insurance policy], unless patently wrong based on facts timely brought to the insurer's attention, provides a reasonable basis for an insurer's denial of a claim for payment for such treatment." *Haezebrouck v. State Farm Mut. Auto. Ins. Co.*, 216 Ga. App. 809, 811 (455 SE2d 842) (1995); *Colonial Life &c. Ins. Co. v. Donaldson*, 172 Ga. App. 211, 212-213 (322 SE2d 510) (1984).

After reviewing Dr. Hill's medical records for treatment given to the child from March 1994 through December 1994, State Farm submitted the claim to IHC for review by an independent medical provider. The IHC chiropractor who reviewed the records gave an opinion to State Farm that there was no causal connection between the treatment and the accident. Based on this opinion, State Farm refused to pay the benefits, and Jones subsequently brought this action. Although Jones contested the IHC report by way of affidavits from Dr. Hill and other independent medical providers in response to State Farm's motion for summary judgment, there is nothing indicating that State Farm had any information prior to initiation of the litigation that its refusal to pay based on the IHC opinion was unreasonable. *Donaldson*, supra. Accordingly, under the right for any reason rule, the trial court's grant of summary judgment to State Farm on this issue was proper.

*Judgment affirmed in part, reversed in part, and remanded with directions. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 3, 1997.

*Albert C. Palmour, Jr.*, for appellant.
*Tisinger, Tisinger, Vance & Greer, Richard G. Tisinger, Jr., Thomas E. Greer*, for appellee.

