A99A2409. TRAINA ENTERPRISES, INC. v. RACETRAC
PETROLEUM, INC.
(525 SE2d 712)

JOHNSON, Chief Judge.

The four elements to any tort action are a duty, a breach of that duty, causation and damages.[1] A third party does not owe a duty to an employer to refrain from injuring the employer's employee.[2] As part of an employee conference held at a state park, RaceTrac Petroleum, Inc. rented a pontoon boat from Traina Enterprises, Inc. Karen Ringrose, a RaceTrac employee, was crossing a gangway to get to the boat when the gangway collapsed, fatally injuring her. Does Race-Trac have a tort cause of action against Traina for damages it alleg-

---

[1] OCGA § 51-1-1; *Millan v. Residence Inn &c.*, 226 Ga. App. 826, 828 (487 SE2d 431) (1997).

[2] *Unique Paint Co. v. Wm. F. Newman Co.*, 201 Ga. App. 463 (411 SE2d 352) (1991); *North Ga. Elec. Membership Corp. v. Thomason &c. Co.*, 157 Ga. App. 719, 720 (2) (278 SE2d 433) (1981).

edly suffered because it cancelled the conference after Ringrose was injured? We hold that RaceTrac does not have a tort cause of action because, even though Traina owed Ringrose a duty not to injure her, Traina owed no such duty to RaceTrac to refrain from injuring its employee. We therefore reverse the trial court's denial of Traina's motion for summary judgment on RaceTrac's negligence claims. But because there are genuine questions of fact as to RaceTrac's additional breach of contract claim, we affirm the denial of summary judgment on that claim.

RaceTrac organized a conference for its employees at Red Top Mountain State Park from May 8 to 10, 1996. RaceTrac rented a pontoon boat from Traina for the employees to use on Lake Allatoona on the second day of the conference. At about 1:00 p.m. on May 9, a group of employees went to the dock area where the boat was moored. As they were crossing Traina's gangway to the dock, the gangway collapsed. RaceTrac employee Ringrose was pinned between the handrails of the collapsed gangway and eventually died from her injuries. Several other employees were also injured during the incident, after which RaceTrac cancelled the rest of the conference.

Ringrose's family sued Traina, as did several injured RaceTrac employees, and each of those cases was settled without trial. RaceTrac also sued Traina for negligence and for breach of the boat rental contract, seeking $66,426 in damages for the cost of organizing and conducting the conference. Specifically, RaceTrac claims $42,615 for employee salaries, $10,628 in travel expenses, $6,490 as miscellaneous fees paid to the park, $4,222 for lodging and meals and mileage, and $2,471 for materials.

Traina moved for summary judgment, arguing, among other things, that it cannot be held liable in tort because it owed no duty to RaceTrac and that it cannot be held liable for the alleged breach of contract because the claimed damages are too remote. The trial court denied the motion as to both the tort and contract claims. Traina then applied to this court for interlocutory review of the rulings, and we granted the application.

1. In denying Traina's motion for summary judgment on RaceTrac's tort claim, the trial court found that Traina could be held liable in tort if it negligently breached its boat rental contract with RaceTrac. The finding is erroneous.

A defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common

law.[3] A third party, like Traina, owes no independent legal duty to an employer, such as RaceTrac, not to injure the employer's employee.[4] So even if Traina negligently breached its boat rental contract with RaceTrac, it owed no other independent duty to RaceTrac to avoid injuring Ringrose. Absent a legal duty outside the contract, there can be no action in tort based merely on Traina's alleged contract breach.

The trial court's erroneous denial of Traina's motion for summary judgment as to RaceTrac's tort claim must therefore be reversed.

2. As to RaceTrac's breach of contract theory, the trial court made the following findings:

> RaceTrac may not recover under a breach of contract theory for the cost of the entire conference. At the time the agreement was entered into, neither party contemplated the result of the accident which occurred. By agreeing to rent a boat for ½ day for $79, Traina did not contemplate reimbursing RaceTrac for the $66,000 conference if it failed to meet its contractual obligations. RaceTrac may, however, recover damages directly stemming from the alleged breach of contract. These damages would include additional expenses incurred due to the cancellation of the remainder of the conference and recovery of all amounts paid to Traina under the contract.

The damages which may be recovered for a breach of contract are those that arise naturally and according to the usual course of things from the breach and those which the contracting parties contemplated as the probable result of a breach.[5]

In the instant case, the trial court correctly ruled that the employee salaries and conference costs of $66,426 may not be recovered as damages for the claimed breach of the boat rental contract because such expenses did not arise naturally from the breach and were not contemplated by Traina and RaceTrac as the probable result of a breach. Instead of being the result of the alleged contract breach, those salaries and conference costs are expenses that Race-Trac would have had to bear regardless of whether or not there was a breach of the pontoon rental contract.

But, as the trial court correctly found, money paid by RaceTrac under the contract and additional expenses naturally arising from

---

[3] *Constr. Lender v. Sutter*, 228 Ga. App. 405, 409 (2) (491 SE2d 853) (1997); *Walton Elec. Membership Corp. v. Snyder*, 226 Ga. App. 673, 678 (2) (487 SE2d 613) (1997).

[4] See *Unique Paint*, supra; *North Ga. Elec. Membership*, supra.

[5] OCGA § 13-6-2.

the alleged breach may be recoverable. Because there are genuine issues of material fact as to whether RaceTrac has recoverable damages for a breach of the contract, the trial court did not err in denying Traina's motion for summary judgment on the breach of contract claim. That portion of the court's judgment is thus affirmed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 18, 1999 — 

*Webb, Carlock, Copeland, Semler & Stair, David F. Root, Austin E. Carter,* for appellant.

*Newman, Sapp & Davis, Alan L. Newman, Allen E. Lockerman IV,* for appellee.