A99A1649. SEED et al. v. SMITH & WOODS MANAGEMENT CORPORATION.
(530 SE2d 29)

SMITH, Judge.

Vickie Ruth Seed and her husband, James S. Seed, Jr., appeal in this premises liability case from the trial court's order granting summary judgment to Smith & Woods Management Corporation, which managed the wholesale food outlet where Mrs. Seed fell. Mrs. Seed contends the trial court erred in concluding that she failed to establish superior knowledge on the part of Smith & Woods and in excluding portions of her affidavit. Mr. Seed, whose claim for loss of consortium was dependent upon his wife's claim, contends that because the trial court erred in concluding that Mrs. Seed's claim was not viable, it was also error to grant summary judgment against him. We find that portions of Mrs. Seed's affidavit were inadmissible hearsay and that the Seeds failed to establish superior knowledge on the part of Smith & Woods. We therefore affirm the trial court's judgment.

To prevail, Mrs. Seed (hereinafter "Seed") must prove: (1) that the store had actual or constructive knowledge of the hazard, and (2) that she lacked knowledge of the hazard despite exercising ordinary care. *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997). A defendant may be granted summary judgment in a slip and fall case if it meets its burden of showing that the record demonstrates an absence of evidence to support at least one essential element of the plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991). In *Robinson*, the Supreme Court focused on the second prong of the cause of action, the plaintiff's lack of knowledge. The crux of this case, however, is not the injured party's knowledge of the foreign substance, but whether the store had constructive knowledge.

1. Seed has no personal knowledge of why she fell. Based upon the store manager's statement to her after her fall that he found a grape on the floor, she claims she fell on a grape in front of the tomato display. She concedes that the store had no actual knowledge of the allegedly hazardous condition. Constructive knowledge may be shown in two ways: (1) by showing that a store employee was in the immediate vicinity and had an opportunity to correct the hazardous condition before the fall, or (2) by showing that the substance was on the floor for a sufficient length of time for knowledge of the hazard to

be imputed to the proprietor. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Seed does not allege that any store employees were in the vicinity when she fell. The store's assistant manager stated in an affidavit that he conducted an hourly inspection of the floors and saw no foreign substance. Seed contends that although she has no actual knowledge of how long the grape was there, it must have been there a long time because puddles of water were on the floor in other parts of the same aisle. Although these puddles had nothing to do with her fall, she argues that they indicate general inattention to the floor.

Even assuming this argument is valid in theory, it is inapposite here because Seed herself saw nothing on the floor, either before or after her fall. To establish the presence of this water, she relies upon the words of an unnamed and otherwise unidentified couple who allegedly told the manager there were spills of water all over the floor in the produce aisle that needed to be cleaned up. She claims this couple's words should have been considered because they fall under the necessity exception to the hearsay rule.

This is not the law. An alleged statement by an unidentified witness is hearsay and inadmissible. "Since the alleged utterer is unknown, it cannot be shown that the statements qualify as being free from all suspicion of device or afterthought." (Punctuation omitted.) *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 866 (1) (502 SE2d 738) (1998). Moreover, the statement by this unidentified couple is not part of the res gestae, as urged by Seed. *Johnston v. Grand Union Co.*, 189 Ga. App. 270, 271 (375 SE2d 249) (1988).[1]

> Each case concerning the application of the res gestae exception to the hearsay rule must turn on its own circumstances, and the admissibility of such testimony is left to the sound discretion of the trial judge. The trial judge in this case did not abuse its discretion. . . . [T]he putting forward of some unidentified, unspecific person . . . , who allegedly made certain remarks . . . and as to whom there is no showing the person can be brought forth at trial or even located, or in fact exists, is not enough to raise a genuine issue of material fact controverting the defendant's positive testimony that there was no defect of which it had actual or constructive superior knowledge. The reason for this is obvious: evidence imputing superior knowledge only at the suggestion of a statement allegedly made by a mystery person is completely unreliable. It is the very essence of hearsay.

---

[1] Although the *Johnston* case is physical precedent only, it has been cited several times with approval. See, e.g., *Blue Cross &c. v. Kell*, 227 Ga. App. 266, 271 (3) (488 SE2d 735) (1997); *Hagan v. Goody's Family Clothing*, 227 Ga. App. 585, 586 (490 SE2d 107) (1997).

(Citations and punctuation omitted.) Id. at 271-272 (1).

In some cases, when the statement of an unidentified person has been admitted as part of the res gestae, the statement was made by someone who, although unidentified, was clearly an employee or agent of the proprietor. See, e.g., *Quiktrip Corp. v. Childs*, 220 Ga. App. 463, 465-466 (3) (469 SE2d 763) (1996). That is not the situation here, and the trial court did not err in ruling inadmissible those portions of Seed's affidavit relating to the hearsay statements of the unidentified couple.

2. We need not address Seed's contention that the trial court erred in deciding that her affidavit was vague or contradictory, because without the statement of the unidentified couple, Seed cannot show that the store had constructive knowledge of any hazard, and an essential element of her case fails. It follows that Mr. Seed's claim for loss of consortium fails as well. *Sewell v. Dixie Region Sports Car Club &c.*, 215 Ga. App. 611, 613 (2) (451 SE2d 489) (1994). The trial court therefore did not err in granting summary judgment to the store. *Lau's Corp.*, supra.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 16, 2000.

*Martin M. del Mazo*, for appellants.
*Webb, Carlock, Copeland, Semler & Stair, Marvin D. Dikeman, Jerome B. McNally*, for appellee.