A00A2266. WALLACE v. STATE FARM FIRE & CASUALTY COMPANY.
(539 SE2d 509)

ELDRIDGE, Judge.

After being seriously injured in an automobile accident, plaintiff-appellant Dennis J. Wallace brought suit against defendant-appellee State Farm Fire & Casualty Company for lost wages benefits under an automobile insurance policy issued him by the company. The policy's lost wages coverage was limited to an amount not exceeding $15,000 for total disability,[1] the "result of *bodily injury* caused by accident . . . while *occupying* or through being struck by a land motor vehicle or trailer." The plaintiff's complaint, styled as a "Complaint on Contract," sought consequential damages for the reposses-

---

[1] The policy defined "total disability" as the "*insured,* while living, is not able to do the usual work or any other work for which he or she is reasonably fitted by education, training or experience."

sion of his Ford Bronco and adverse impact on his credit reputation for the defendant's breach of contract and bad faith in stopping the payment of lost wages benefits to him in an eight-month period. The evidence showed that defendant stopped the foregoing payments based upon an independent medical examination it required of the plaintiff which determined he was not totally disabled.[2] The defendant later reconsidered the determination of the independent medical examiner ("IME") upon the submission of medical opinions from the plaintiff's treating physicians and resumed its payments to the plaintiff, ultimately paying them out in full. The trial court granted defendant partial summary judgment as to plaintiff's claim for consequential damages upon breach of contract theory,[3] finding "[t]he only surviving claim is the plaintiff's claim for bad faith damages and attorney's fees as provided by OCGA § 33-4-6."[4] On this, the plaintiff amended his complaint, alleging misfeasance of a contractual duty against the defendant, this time seeking punitive as well as consequential damages. Thereafter, the state court denied plaintiff's motion for reconsideration of the designated state court's grant of partial summary judgment to defendant and granted defendant's motion for summary judgment as to the issues of bad faith penalties and attorney fees. Plaintiff now appeals from the grant of defendant's motion for summary judgment, arguing entitlement to damages for the loss of his vehicle and damage to his credit reputation (a) for defendant's bad faith in suspending payment of his lost wages benefits under OCGA § 33-4-6; and, in the alternative, (b) for defendant's misfeasance of a contractual obligation to do so.[5] *Held*:

It is undisputed in the record that defendant suspended payment of plaintiff's lost wages benefits relying upon the opinion of a board-certified orthopedic surgeon. As a consequence, summary judgment on the question of plaintiff's claim for bad faith damages under OCGA § 33-4-6 was proper. "As a matter of law, bad faith penalties and attorney's fees under OCGA § 33-4-6 are not awardable if an insurer has a reasonable and probable cause for refusing to pay a claim." (Citations and punctuation omitted.) *Lancaster v. USAA Cas.*

---

[2] Pertinently, the IME, a board-certified orthopedic surgeon, determined that the plaintiff could be returned to the work force if not required to do heavy lifting, squatting or climbing.

[3] "OCGA § 33-4-6 is the exclusive remedy for bad faith denial of insurance benefits." *Collins v. Life Ins. Co.*, 228 Ga. App. 301, 304 (3) (491 SE2d 514) (1997).

[4] "Under OCGA § 33-4-6, an insurer is subject to imposition of a penalty and attorney fees if it refuses in bad faith to pay a covered loss 'within 60 days after a demand has been made by the holder of the policy.'" *Jones v. State Farm &c. Ins. Co.*, 228 Ga. App. 347, 350 (3) (491 SE2d 830) (1997).

[5] Though the "penalties provided by OCGA § 33-4-6 are exclusive, . . . a tort action and an action for breach of contract may be asserted in the same complaint. [Cits.]" *Gibbs v. Jefferson-Pilot Fire &c. Ins. Co.*, 178 Ga. App. 544, 545 (1) (343 SE2d 758) (1986).

*Ins. Co.*, 232 Ga. App. 805, 807 (3) (502 SE2d 752) (1998). An insurer does not act unreasonably in doing so where, as here, the insured fails to prove that the examiner's opinion was patently wrong by facts timely brought to the insurer's attention.[6] Id. Further, although plaintiff argues defendant's bad faith in stopping payments to him, contending that a representative of the defendant told him payments would stop notwithstanding any doctor's determination *before* he was given a medical examination, there is only hearsay to this effect in the affidavit supporting his response to defendant's motion for summary judgment in the record before us. "An alleged statement by an unidentified witness is hearsay and inadmissible." *Seed v. Smith & Woods Mgmt. Corp.*, 242 Ga. App. 395, 396 (1) (530 SE2d 29) (2000); *Johnston v. Grand Union Co.*, 189 Ga. App. 270, 271 (1) (375 SE2d 249) (1988). Hearsay on motion for summary judgment is inadmissible. OCGA § 9-11-56 (e); *Sykes v. City of Atlanta*, 235 Ga. App. 345, 348 (5) (a) (509 SE2d 395) (1998) ("On summary judgment, evidentiary rules apply. [Cit.]"); *Davis v. Haupt Bros. Gas Co.*, 131 Ga. App. 628, 629 (2) (206 SE2d 598) (1974) ("No evidentiary value is given to hearsay. *Nat. Factor & Invest. Corp. v. Bank of Cochran*, 224 Ga. 535, 543 (4) (163 SE2d 817) [(1968)]."). Moreover, even if not analyzed in the context of inadmissible hearsay, plaintiff, without explanation, contradicted his affidavit by his deposition testimony in which he deposed that defendant had not contacted him before his benefits were terminated and that he had not contacted the defendant until after his benefits were stopped. Plaintiff's unexplained, self-contradicting testimony is likewise of no assistance to him. *Gentile v. Miller, Stevenson &c., Inc.*, 257 Ga. 583 (361 SE2d 383) (1987); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). Accordingly, the state court did not err in granting defendant summary judgment as to bad faith damages. OCGA § 9-11-56 (e); *Speir v. Krieger*, 235 Ga. App. 392, 397 (2) (509 SE2d 684) (1998) (on summary judgment, plaintiff must point to specific evidence giving rise to a triable issue, if defendant movant has presented evidence negating essential element of plaintiff's case or showing the absence of evidence supporting such an element).

---

[6] The rule in *Lancaster* is not without limitation. If the recommendation of the IME is patently wrong and the facts are timely brought to the insurer's attention, an IME would not provide a reasonable basis for the denial of the claim. See *Haezebrouck v. State Farm &c. Ins. Co.*, 216 Ga. App. 809, 811 (2) (455 SE2d 842) (1995); *Colonial Life &c. Ins. Co. v. Donaldson*, 172 Ga. App. 211, 212-213 (1) (322 SE2d 510) (1984). Similarly, if an IME determination were in the nature of mere pretext for an insurer's unwarranted prior decision to terminate benefits, such IME determination would not constitute reasonable and probable cause for the termination of benefits — this because it would not be a "reasonable defense which vindicates the good faith of the insurer." (Citation and punctuation omitted.) *Progressive Cas. Ins. Co. v. Avery*, 165 Ga. App. 703, 707 (1) (302 SE2d 605) (1983).

Neither did the state court err in granting defendant summary judgment regarding plaintiff's claim for consequential and punitive damages for misfeasance of a contractual duty in defendant. *Speir v. Krieger*, supra.

> A defendant's mere negligent performance of a contractual duty does not create a tort cause of action;[7] rather, a defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common law.

*Traina Enterprises v. RaceTrac Petroleum*, 241 Ga. App. 18, 19 (525 SE2d 712) (1999); *Constr. Lender v. Sutter*, 228 Ga. App. 405, 409 (2) (491 SE2d 853) (1997); *Walton Elec. Membership Corp. v. Snyder*, 226 Ga. App. 673, 678 (2) (487 SE2d 613) (1997). Even if there were a breach of a contractual duty in the instant circumstances (and we have found none), there is here no evidence of an insurance contract purporting to indemnify plaintiff for more than lost wages up to $15,000 in the event of plaintiff's total disability. The plaintiff deposed that defendant made him no other promise. As a result, even an implied duty in the defendant to indemnify the plaintiff for damages attendant to the repossession of his privately owned vehicle and injury to his credit rating is here foreclosed. Absent a legal duty beyond the contract, no action in tort may lie upon an alleged breach of contractual duty. *Traina Enterprises v. RaceTrac Petroleum*, supra.

*Judgment affirmed. Blackburn, P. J., concurs. Barnes, J., concurs and concurs specially.*

BARNES, Judge, concurring specially.

Although I concur fully in the majority opinion under the evidence in this case, I write separately to point out that an insurance company's mere assertion that the termination of benefits was based on an independent medical examination is not conclusive in the face of evidence that the independent medical examiner (IME) report was not the real reason the benefits were terminated.

An independent medical examination may provide a reasonable and probable cause to terminate benefits and thus be sufficient to preclude imposition of bad faith penalties (*Lancaster v. USAA Cas. Ins. Co.*, 232 Ga. App. 805, 807 (3) (502 SE2d 752) (1998)), but that rule is not without limitation. If the recommendation of the IME is patently wrong and the facts are brought in a timely manner to the

---

[7] "The four elements [of a] tort [cause of] action are a duty, a breach of that duty, causation and damages." *Traina Enterprises v. RaceTrac Petroleum*, 241 Ga. App. 18 (525 SE2d 712) (1999); *Nesmith v. Pierce*, 226 Ga. App. 851, 852 (1) (487 SE2d 687) (1997).

insurer's attention, an IME report would not provide a reasonable basis for the denial of a claim. See *Haezebrouck v. State Farm &c. Ins. Co.*, 216 Ga. App. 809, 811 (2) (455 SE2d 842) (1995); *Colonial Life &c. Ins. Co. v. Donaldson*, 172 Ga. App. 211, 212-213 (1) (322 SE2d 510) (1984). In the same manner, an IME report that was a mere pretext for an unwarranted prior decision to terminate benefits would not constitute reasonable and probable cause for termination of benefits because it would not be a "reasonable defense which vindicates the good faith of the insurer." (Citation and punctuation omitted.) *Progressive Cas. Ins. Co. v. Avery*, 165 Ga. App. 703, 707 (1) (302 SE2d 605) (1983).

Here, I concur with the majority even though Wallace's affidavit alleged that State Farm told him before the independent medical examination was performed that his benefits would be terminated regardless of what the IME said. His affidavit was contradicted, without explanation, however, by his deposition testimony that no one at State Farm contacted him before his benefits were terminated and he did not contact State Farm until after his benefits were stopped.

Thus, applying the contradictory testimony rule, Wallace's unexplained, self-conflicting testimony is of no assistance to him. *Gentile v. Miller, Stevenson &c., Inc.*, 257 Ga. 583 (361 SE2d 383) (1987); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). Once the self-contradictory favorable portions of Wallace's affidavit are eliminated, the remaining evidence construed in Wallace's favor is not sufficient to create an issue of fact on this issue because the record shows that the IME report is dated before his benefits were terminated.

Consequently, the issue of pretext is not properly raised in this case.

DECIDED SEPTEMBER 12, 2000 — RECONSIDERATION DENIED NOVEMBER 30, 2000.

*S. Robert Hahn, Jr.*, for appellant.
*Harper, Waldon & Craig, Thomas D. Harper, Trevor G. Hiestand*, for appellee.