36390. ANDERSON OIL COMPANY, INC. v. BENTON OIL COMPANY, INC. et al.

UNDERCOFLER, Chief Justice.

The trial court granted summary judgment for the defendants, Benton Oil Company, Lerner O. Benton, III, and BOC Oil Company. Plaintiff, Anderson Oil Company, appeals. We affirm in part and reverse in part.

Anderson Oil Company, by jury verdict, was granted a judgment against Benton Oil Company for over $15,000 plus interest in November, 1976. That same month, Benton Oil ceased doing business. Its president and majority shareholder, Benton, III, as guarantor, satisfied, and was assigned, two notes of Benton Oil: one, executed in 1970 for $26,000; the other, executed in 1976, for $5,000. Benton, III, then made demand on Benton Oil for payment of the notes which was refused by him as president, and instituted possessory proceedings on the assets of Benton Oil to satisfy the notes.

Meanwhile, Anderson Oil petitioned the bankruptcy court of the Middle District of Georgia to put Benton Oil into involuntary bankruptcy for transferring its assets in order to defraud Anderson Oil. The sheriff's levy was thereby stayed. However, the bankruptcy proceedings were later dismissed because Benton Oil was not shown to be insolvent and because the transfer by Benton Oil was not fraudulent under the bankruptcy act. The sheriff's sale was then held in August, 1978, and Benton, III, bought the assets of Benton Oil and sold them to a new corporation he formed, BOC Oil Company. Anderson Oil then brought this suit to set aside the transfer of Benton Oil's assets, to hold Benton individually liable, and to set

aside the transfer to BOC Oil on the state statutory ground that the transfer was fraudulent under Code Ann. § 28-201: "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz.: . . . 2. Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid." We note here that under this paragraph, insolvency of the debtor need not be shown. *Keeter v. Bank of Ellijay,* 190 Ga. 525 (9 SE2d 761) (1940).

The trial court in granting summary judgment for the defendants found that Anderson Oil's complaint was barred by the prior bankruptcy proceedings under principles of res judicata and collateral estoppel, that since Benton, III and BOC Oil were in privity with Benton Oil, the suit against them was similarly barred, and that the public sale precluded any attack on the transfer of assets to Benton, III.

1. Res judicata[1] bars relitigation of fraud between Anderson Oil and Benton Oil. That issue was directly decided by the bankruptcy court. Any argument by Anderson that the state statutory grounds on which it has brought this suit are broader than the issue litigated in bankruptcy court is refuted by the bankruptcy act[2] itself, wherein state law[3] is incorporated in determining fraudulent transfers for bankruptcy purposes.[4] "A transfer will be deemed fraudulent under § 70e and, therefore, *within the first act of bankruptcy* when it may be avoided by any creditor under federal or *state law* who has a provable claim in the pending bankruptcy proceeding." (Emphasis supplied.) Collier on Bankruptcy, § 3-105, pp. 420-21 (14th ed.). Res judicata

---

[1]Codified at Code Ann. § 110-501: "A judgment of a court of competent jurisdiction shall be conclusive *between the same parties and their privies* as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside."

[2]This action was brought under the old bankruptcy act, prior to the effective date of the new bankruptcy code, October 1, 1979. Pub. L. 95-598 (Nov. 6, 1978); 11 USC § 101 et seq.

[3]Bankruptcy Act, § 70 (e) (1), 11 USC § 110: "A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State Law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor."

[4]Anderson Oil's bankruptcy proceeding was based on Benton Oil's having committed an act of bankruptcy under § 3 (a) of the Act, 11 USC § 21. "Acts of

principles thus forbid relitigation of this suit as against Benton Oil. Therefore, summary judgment was properly granted to it.

2. The principles of res judicata and collateral estoppel apply to parties and their privies. Benton, III, and BOC Oil were not parties to the original suit. The question is whether they are in privity with Benton Oil so that they may assert as a bar to this suit the decision in Benton Oil's favor. The answer involves a fact determination in balancing the policy toward ending litigation and due process.

The defendants urge that as successors in interest to Benton Oil's property that they are in privity of estate and can rely on the bankruptcy judgment, citing *Morris v. Ga. Power Co.,* 65 Ga. App. 180 (15 SE2d 730) (1941). This assertion is too simplistic and we find this decision inapposite. There, title to property was the issue litigated. Thus successors in interest to the property were similarly bound. That is not the case here. The issue determined was whether or not the corporation itself had committed a fraud.[5] That determination does not flow with the assets of Benton Oil to its successors in interest, Benton, III and BOC Oil, especially where fraud in that transfer on the part of Benton, III and BOC Oil, who were not parties to the first suit, is alleged. Compare *Blakewood v. Yellow Cab Co.,* 61 Ga. App. 149 (6 SE2d 126) (1939). We find that Benton, III[6] and BOC Oil are not in privity with Benton Oil for res judicata and collateral estoppel purposes. Therefore, they cannot assert the prior judgment in favor of Benton Oil as a bar to this suit. The trial court erred in granting summary judgment in favor of Benton, III, and BOC Oil. 50 CJS Judgments, § 794. The case must be remanded for trial on counts II and III of Anderson Oil's complaint.

*Judgment affirmed as to Benton Oil Company and reversed as to Benton and BOC Oil Company. All the Justices concur.*

ARGUED JULY 8, 1980 — DECIDED SEPTEMBER 9, 1980.

---

bankruptcy by a person shall consist of his having (1) concealed, removed, or permitted to be concealed or removed any part of his property, with intent to hinder, delay, or defraud his creditors or any of them or made or suffered a transfer of any of his property, *fraudulent under the provisions of* section 67 or *70 of this Act. . ."* (Emphasis supplied.) Compare Code Ann. § 28-201, supra.

[5]"[T]he sounder reason, as well as the weight of authority is that the failure to recover against one of two joint-tortfeasors is not a bar to a suit against the other upon the same facts." Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U. S. 111, 129 (1912).

[6]Benton, III, as president of the corporation is legally a different person than Benton, III, individually. See generally 50 CJS Judgments, § 794.

*Samuel D. Ozburn,* for appellant.
*Jack T. Camp,* for appellees.