## 67819. HARTLEY v. SHENANDOAH, LTD. et al.

BANKE, Presiding Judge.

The plaintiff-appellant obtained a judgment against Shenandoah Development, Inc., in the amount of $42,000 in a previous suit to recover real estate commissions allegedly owed to him for services rendered to that corporation as a sales agent. He then brought the present action seeking to enforce this judgment against Shenandoah, Ltd. (a limited partnership) and two of its general partners. It appears that the judgment against Shenandoah Development, Inc., which was also a general partner in Shenandoah, Ltd., is uncollectable due to the corporation's insolvency.

Based on its finding that the defendants in the present action had not been named or served in the prior suit, the trial court granted their motion for summary judgment. The court also denied a motion for summary judgment filed by the plaintiff. The plaintiff appeals. *Held:*

Although the plaintiff argues that the present action seeks not merely to enforce the prior judgment but also to reassert his original claim for commissions against the defendants, his complaint suggests otherwise. It alleges that "defendants D. Scott Hudgens, Jr., and Herman J. Russell, as individual general partners of Shenandoah, Ltd., are individually, jointly and severally liable for the judgment which plaintiff obtained against Shenandoah Development, Inc." The complaint then prays for attorney fees based on the defendants' alleged arbitrary and capricious refusal to pay that judgment. The prior judgment is attached to the complaint as Exhibit A. More importantly, the plaintiff makes the following assertion in his brief in support of his motion for summary judgment: "The only issue for decision in the instant case is whether or not the defendants, i.e., the limited partnership Shenandoah, Ltd., and its individual general partners Herman J. Russell and D. Scott Hudgens, Jr., are liable to the plaintiff for the judgment which plaintiff obtained against Shenandoah Development, Inc."

Adopting the plaintiff's own characterization of the suit, we con-

clude that it does not seek to assert an original claim against the defendants but seeks instead a declaration that they are liable on the judgment previously obtained against the corporation. Since it is undisputed that the defendants were not parties to the prior suit, it follows that the trial court did not err in granting their motion for summary judgment and in denying plaintiff's motion for summary judgment. See generally OCGA § 9-11-56.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 23, 1984 —
REHEARING DENIED MAY 11, 1984 — 

*Griffin Patrick, Jr., Eugene G. Partain, Bruce B. Weddell*, for appellant.

*Eugene T. Branch*, for appellees.