A90A0453. FORT & TURNER ENTERPRISES, INC.
et al. v. SCROCCA.
(394 SE2d 364)

BANKE, Presiding Judge.

The appellants in this case are three separate corporations engaged in the business of selling insurance under the trade name, "Esquire Insurance Agency." The appellee obtained a verdict against them for actual and punitive damages and attorney fees on a claim that they had negligently and fraudulently failed to procure a policy of motor vehicle insurance for which she had paid a premium. This appeal is from the denial of their alternative motions for new trial or judgment notwithstanding the verdict.

The action originated with the filing of a complaint by "Esquire Insurance Agency" against three companies which are not parties to this appeal to recover approximately $40,000 in insurance premiums which had allegedly been paid by or on behalf of Esquire to secure motor vehicle insurance for various of its customers, but which had allegedly been wrongfully appropriated without such coverage being issued. As a defense to this action, two of the named defendants asserted that Esquire was not a legal entity but only a trade name with no power to sue. The complaint was thereafter amended to substitute as plaintiffs, in place of Esquire, the three appellants herein, to wit: Fort and Turner Enterprises, Inc., individually and d/b/a Esquire Insurance Agency; Emmett & Emmett Enterprises, Inc., individually and d/b/a Esquire Insurance Agency; and Esquire Insurance Agency, Inc., individually and d/b/a Esquire Insurance Agency.

Prior to the substitution of the three appellants as plaintiffs, the appellee, Arlene Scrocca, was granted permission to intervene in the action. She sought actual and punitive damages against Esquire or, in the alternative, against the three companies which Esquire had sued, based on allegations that she had paid Esquire a premium of $383 on May 17, 1985, to obtain physical damage coverage on her automobile; that she had been assured by Esquire, both on that date and on subsequent occasions, that such coverage was in effect; that on October 22, 1985, during the ostensible term of the policy, her automobile was damaged in an accident; and that after attempting to recover for this damage under her supposed policy she learned that no policy had in fact been issued. The case was tried before a jury, which awarded the appellee actual damages in the amount of $15,836, punitive damages in the amount of $100,000, and attorney fees in the amount of $17,312 on her claim against the appellants, while returning verdicts in favor of the original defendants on all the claims against them. *Held:*

1. While the appellants do not contest the sufficiency of the evidence to support an award of actual and punitive damages and attorney fees against Emmett & Emmett Enterprises, Inc., they contend

that the evidence does not support an award of damages against Fort & Turner Enterprises, Inc., and Esquire Insurance Agency, Inc., because it was established without dispute that the appellee had not dealt with those companies but had dealt exclusively with Emmett & Emmett. However, it was further shown that all three appellants had the same majority shareholder, president, vice-president, secretary, and general manager; that they held themselves out to the public as being components of a single business operation, i.e., Esquire Insurance Agency; that they collectively entered into contracts for their common benefit under that name; and, of course, that they collectively initiated this litigation under that name on the theory that the money allegedly owed to them by the defendants was owed to them collectively. On the basis of this evidence, we conclude that the appellants could be held jointly liable to the appellee under the theory that they were joint participants in a common business enterprise. We thus hold that appellants Fort & Turner Enterprises, Inc., and Esquire Insurance Agency, Inc., were not entitled to a directed verdict or to judgment notwithstanding the verdict based on their lack of direct involvement with the appellee. Accord *DeJong v. Stern*, 162 Ga. App. 529, 531 (3) (292 SE2d 115) (1982). The appellants' reliance on such authorities as *Farmers Warehouse of Pelham v. Collins*, 220 Ga. 141 (2) (d) (137 SE2d 619) (1964), and *Florida Shade Tobacco Growers v. Duncan*, 150 Ga. App. 34 (256 SE2d 644) (1979), is misplaced, as those cases dealt with the entirely different issue of whether the corporation's separate identity could be disregarded, so as to render it liable for the acts of its shareholders, or vice versa.

2. The appellants contend that in charging the jury the trial court erroneously referred to them collectively as "Esquire" or "Esquire Insurance Agency," rather than identifying them as separate corporate defendants. However, the appellants' counsel did not object to the charge on this ground and in fact affirmatively represented to the trial court that the appellants had no exceptions to the charge. Consequently, this enumeration of error presents nothing for review. See *Irvin v. Oliver*, 223 Ga. 193 (2) (154 SE2d 217) (1967); *Brown v. Garcia*, 154 Ga. App. 837 (1) (270 SE2d 63) (1980).

3. The appellants similarly contend that the verdict form was defective in that it lumped all of them together under the category, "Plaintiffs doing business as Esquire Insurance Agency," rather than providing the jury the option of dealing with them as separate entities. Again, however, "appellant[s] made no timely objection to the form or content of the verdict form submitted to the jury and therefore [their] objection in this regard is waived." *Henderson v. Glen Oak, Inc.*, 179 Ga. App. 380, 382 (346 SE2d 842) (1986), aff'd 256 Ga. 619 (351 SE2d 640) (1987).

4. The appellants contend that the judgment did not conform to

the verdict because "the court opted to ignore the specific awards of the verdict and instead entered a general judgment in the amount of $132,548 reflecting the sum total of the amounts awarded by the jury." The appellants have not suggested how they were harmed by this, and we do not perceive how they could have been harmed. Accordingly, this enumeration of error establishes no ground for reversal.

*Judgment affirmed. Birdsong and Sognier, JJ., concur. Cooper, J., disqualified.*

DECIDED APRIL 27, 1990 —
REHEARING DENIED MAY 9, 1990 — 

*Lane, O'Brien & Coburn, Eugene O'Brien, Stephen J. Caswell,* for appellants.

*Greene, Buckley, DeRieux & Jones, Cathleen M. Devlin, Daniel A. Angelo, Frank C. Schenck, Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair,* for appellee.