A94A1842. FIRST FINANCIAL INSURANCE COMPANY
v. MATHIS.
(448 SE2d 87)

BIRDSONG, Presiding Judge.

Appellee Wimp Mathis brought suit for damages and penalty against appellant First Financial Insurance Company to recover under the terms of a policy of insurance following the destruction of his mobile home and its contents by fire. Appellant's motion for summary judgment was denied by the trial court, and appellant filed an application for interlocutory review with this court. Although appellant's application was initially granted and an appeal filed pursuant to that grant, this court subsequently determined that the application was improvidently granted, vacated its order granting the application, and dismissed the appeal. The case proceeded to trial by jury resulting in a plaintiff's verdict. Judgment was entered in favor of appellee and against appellant in the amount of $15,100 actual damages,

$4,000 attorney fees, and $2,880 interest. Appellant filed notice of direct appeal of the trial court's denial of appellant's motion for summary judgment, asserting that said appeal is ripe for consideration as there now has been a final judgment entered in the case. Appellant's sole enumeration of error is that "the trial court erred in denying [appellant's] motion for summary judgment." In its appellate brief, appellant concedes that "the sole issue before the Court of Appeals is whether the trial court erred in denying [appellant's] motion for summary judgment."

The record of trial reveals that no timely motion for new trial or for judgment n.o.v. has been filed. Further, the notice of appeal expressly provides that appellant "does *not* require preparation of the trial transcript." *Held:*

Appellee, citing, inter alia, *Trade City G. M. C. v. May*, 154 Ga. App. 371 (268 SE2d 421); *Melton v. Bow*, 145 Ga. App. 272 (243 SE2d 590); *Phillips v. Abel*, 141 Ga. App. 291 (233 SE2d 384); and *Patterson v. Castellaw*, 119 Ga. App. 712 (168 SE2d 838), contends that the issue of the trial court's denial of summary judgment is moot. For reasons hereinafter discussed we find in favor of appellee.

In *Hill v. Willis*, 224 Ga. 263, 266 (161 SE2d 281), it was held: "A motion for a summary judgment is somewhat analogous to a motion for a nonsuit, for if, after being overruled, even if done improperly, *all* the evidence shows that a verdict for the opposing party is authorized, the error is harmless. The purpose of permitting summary judgments is to dispose of unnecessary trials and not to upset a verdict authorized by the evidence merely because at a previous stage of the case a finding may not have been authorized in accordance with such verdict." This general rule was restated in *Dunlap v. Dunlap*, 234 Ga. 304, 306 (3) (215 SE2d 674) as follows: "Where a motion for summary judgment is overruled on an issue and the case proceeds to trial and the evidence at the trial authorizes the verdict (judgment) on that issue, any error in overruling the motion for summary judgment is harmless."

In this case, an examination of the parties' proposed consolidated pretrial order in its totality, including the factual issues therein identified for determination by the jury, reveals that the substantially similar factual issues asserted in appellant's brief were destined to be submitted for jury resolution. In any event, appellant has elected not to file any enumeration of error challenging the sufficiency of the evidence to support the jury verdict or asserting any specific claim of reversible error occurring during the course of trial. Accordingly, these issues have not been preserved for appeal, and no viable appellate challenge has been effected as to the verdict and resulting judgment in this case. See *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649). In the absence of a viable enumeration of error as to

the verdict or judgment supported by an affirmative showing by the record of reversible error, we must assume that the verdict and judgment is supported by the evidence. See *Bennett v. Executive Benefits*, 210 Ga. App. 429 (436 SE2d 544); *Spires v. Glencastle, Inc.*, 208 Ga. App. 901, 902 (432 SE2d 567). "Every presumption of legality will be made in favor of a judgment by a court of competent jurisdiction [cit.]; and it will be presumed that a judgment of a court of competent jurisdiction is supported by every fact essential to make such judgment valid and binding." *Merrill Lynch &c. v. Echols*, 138 Ga. App. 593, 594 (2) (226 SE2d 742). In view of the above, we need not revisit the scope of viability of *Schirmer v. Amoroso*, 209 Ga. App. 682 (434 SE2d 80) as it is clearly inapposite. The case at bar is not a case to be remanded for new trial, because appellant has not affirmatively established by the record that the verdict is unsupported by the evidence; neither is it a direct appeal of any other judgment, ruling or order to which the issue of denial of summary judgment could attach pursuant to OCGA § 5-6-34 (d). Additionally, appellant elected not to file a trial transcript with this appeal; appellant could only establish by the trial transcript that the verdict and judgment were not supported by admissible evidence of record or that other reversible error had occurred during trial. Where a trial transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm. *Brown v. Frachiseur*, 247 Ga. 463, 464-465 (277 SE2d 16); compare *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688).

Our review reveals that there exists no legal basis, on the state of the existing record, by which this court could conclude that the verdict was not supported by the evidence; accordingly, any error arising from the denial of summary judgment would be rendered harmless (*Hill*, supra) and also that the appellate issue of denial of the summary judgment motion was rendered moot. *Talmadge v. Talmadge*, 241 Ga. 609 (1) (247 SE2d 61). Accordingly, the appeal shall be dismissed as the question presented for appellate review has become moot. OCGA § 5-6-48 (b) (3); compare *Seabolt v. Cincinnati Ins. Co.*, 199 Ga. App. 715 (405 SE2d 757).

*Appeal dismissed. Blackburn and Ruffin, JJ., concur.*

DECIDED AUGUST 29, 1994.

*Crim & Bassler, Joseph M. Murphey, Kimberly L. Schwartz, Kelly A. Lee*, for appellant.
*Richard A. Childs*, for appellee.